**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>RGS FINANCIAL, INC., a Texas Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>        Defendants. | Civil Action No. _____<br><br>**CLASS ACTION COMPLAINT<br>--and--<br>DEMAND FOR JURY TRIAL** |

Plaintiff, ANNA PAWELCZAK ("PAWELCZAK"), on behalf of herself and all others similarly situated, by way of this Class Action Complaint against Defendants, says:

## I.  PARTIES

1.     PAWELCZAK is a natural person.

2.     At all times relevant to this complaint, PAWELCZAK was a citizen of, and resided in, the Village of Mount Prospect, Cook County, Illinois.

3.     At all times relevant to this complaint, RGS FINANCIAL, INC. ("RGS FINANCIAL") is a for-profit corporation existing pursuant to the laws of the State of Texas. RGS FINANCIAL maintains its principal business address at 3333 Earhart Drive, Suite 150, City of Carrollton, Dallas County, Texas.

4. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

5. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of RGS FINANCIAL that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by RGS FINANCIAL and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II. JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

8. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

9. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant, RGS FINANCIAL, is subject to personal jurisdiction in the State of Illinois at the time this action is commenced.

## III. PRELIMINARY STATEMENT

10. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others. Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Texas Debt Collection Practices Act, Tex. Fin. Code §§ 392, *et seq.* ("TDCPA").

11. Such practices include, *inter alia*:

   (a) Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of RGS FINANCIAL's identity;

   (b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

   (c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

12. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

13. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

14. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

15. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

16. The TDCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt.

17.     The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TDCPA, and all other common law or statutory regimes.

18.     The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory, common law, or actual damages payable by the Defendants.

19.     This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

## IV. FACTS CONCERNING PLAINTIFF

20.     Sometime prior to July 18, 2009, PAWELCZAK allegedly incurred a financial obligation ("Pawelczak Obligation").

21.     The Pawelczak Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22.     Defendants contend that PAWELCZAK defaulted on the Pawelczak Obligation.

23.     The Pawelczak Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24.     The Pawelczak Obligation is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

25.     PAWELCZAK is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. PAWELCZAK is, at all times relevant to this complaint, a "consumer" as that term is defined by Tex. Fin. Code § 392.001(1).

27. PAWELCZAK is informed and believes, and on that basis alleges, that sometime prior to October 2009, the Pawelczak Obligation was either directly or through intermediate transactions assigned, placed, transferred, or sold to RGS FINANCIAL for collection.

28. RGS FINANCIAL collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

29. Within the one year immediately preceding the filing of this complaint, RGS FINANCIAL contacted PAWELCZAK via telephone in an attempt to collect the Pawelczak Obligation.

30. RGS FINANCIAL is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

31. RGS FINANCIAL is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32. RGS FINANCIAL is, at all times relevant to this complaint, a "debt collector" as that term is defined by Tex. Fin. Code § 392.001(6).

33. RGS FINANCIAL is, at all times relevant to this complaint, a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

34. Within the one year immediately preceding the filing of this complaint, RGS FINANCIAL placed telephone calls to PAWELCZAK and left telephonic voice messages ("Messages") on her home telephone voicemail system in an attempt to collect the Pawelczak Obligation.

35. The following is a transcription of one such Message that RGS FINANCIAL left for PAWELCZAK on July 18, 2009:

> "[music playing] Please continue to hold. [music playing] Please continue to hold. [music playing] Please continue to hold. We're sorry, but we're temporarily unable to connect you with a representative; however, your call is very important to us. Please call back to 866-941-8600, and mention Reference Number 7707325. Thank you. Goodbye."

36. An electronic copy of the above Message is embedded in the electronic filing of this Complaint and may be heard by clicking *here*.

37. Each of the Messages was left in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

38. Each of the Messages was left in connection with the collection of a "debt" as defined by Tex. Fin. Code § 392.001(5).

39. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

40. Each of the Messages was left by, or caused to be left by, persons employed by RGS FINANCIAL.

41. Each of the Messages uniformly failed to identify RGS FINANCIAL as the caller.

42. Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

43. Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

44. At the time PAWELCZAK received the Messages, she did not know that the calls were from RGS FINANCIAL.

45. At the time PAWELCZAK received the Messages, she did not know that the calls were from a debt collector.

46. At the time PAWELCZAK received the Messages, she did not know that the calls concerned the collection of a debt.

47. The telephone number "866-941-8600" is answered by debt collectors employed by RGS FINANCIAL.

48. The telephone number "1-469-341-3352" is maintained and utilized by RGS FINANCIAL for the purpose placing outbound telephone calls to consumers in connection with the collection of debts.

49. Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA and TDCPA.

50. Each of the Messages is false, deceptive, and misleading insofar as RGS FINANCIAL failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that RGS FINANCIAL is a debt collector, thereby circumventing Congress's intent to permit Plaintiff to make an informed decision as to whether he wished to speak with a debt collector.

51. Each of the Messages is false, deceptive, and misleading insofar as RGS FINANCIAL failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that RGS FINANCIAL is a debt collector, thereby circumventing the Texas Legislature's intent to permit Plaintiff to make an informed decision as to whether he wished to speak with a debt collector.

52. To date, PAWELCZAK has not received any written communications from RGS FINANCIAL.

## V. POLICIES AND PRACTICES COMPLAINED OF

53. It is Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA and TDCPA by uniformly failing to:

(a) Provide meaningful disclosure of RGS FINANCIAL's identity as the caller;

(b) Disclose that the communication was from a debt collector; and

(c) Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

54. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

55. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56. The Plaintiff Class consists of all persons with addresses in the State of Illinois who received a telephonic voice message from RGS FINANCIAL left after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify RGS FINANCIAL as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication.

57. The identities of all class members are readily ascertainable from the records of RGS FINANCIAL and those companies and governmental entities on whose behalf it attempt to

collects debts.

58. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of RGS FINANCIAL and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

59. The class period is one year prior to the filing of the initial complaint in this action and continues up to and including the date of preliminary class certification.

60. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate: 15 U.S.C. §§ 1692d(6) and 1692e(11); and Tex. Fin. Code §§ 392.304(5)(A), 392.304(5)(B), and 392.304(19).

61. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

62. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

63. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members

would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are:

    (i) Whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. § 1692d(6);

    (ii) Whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. § 1692e(11);

    (iii) Whether the Defendants' telephonic voice messages, such as the Messages, violate Tex. Fin. Code § 392.304(5)(A);

    (iv) Whether the Defendants' telephonic voice messages, such as the Messages, violate Tex. Fin. Code § 392.304(5)(B); and

    (v) Whether the Defendants' telephonic voice messages, such as the Messages, violate Tex. Fin. Code § 392.304(19).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has

        any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

    64.    Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, which, on information and belief, collect debts throughout the United States of America.

    65.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

    66.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate Tex. Fin. Code §§

392.304(5)(A), 392.304(5)(B), or 392.304(19) would permit PAWELCZAK and the Plaintiff Class to obtain injunctive relief pursuant to Tex Fin. Code § 392.403(a)(1).

67. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

68. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

69. Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of RGS FINANCIAL's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(b) Failing to disclose in its initial communication with the consumer that RGS FINANCIAL is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(c) Failing to disclose in all oral communications that RGS FINANCIAL is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

70. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

71. Defendants violated the TDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) The failure to disclose in RGS FINANCIAL's initial communication with the consumer, when the communication is oral, that RGS FINANCIAL is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of Tex. Fin. Code § 392.304(5)(A);

(b) Failing to disclose in subsequent oral communications that RGS FINANCIAL is a debt collector in violation of Tex. Fin. Code § 392.304(5)(B); and

(c) Leaving telephonic voice messages in an attempt to collect a debt, wherein Defendants violated 15 U.S.C. §§ 1692e, 1692d, and subsections thereof, as set forth above in Plaintiff's First Cause of Action, which is, therefore, also a violation of Tex. Fin. Code § 392.304(19).

## IX. PRAYER FOR RELIEF

72. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing PAWELCZAK and the undersigned counsel to represent the Plaintiff Class as

        previously set forth and defined above.

(ii) An award of the maximum statutory damages for PAWELCZAK and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii) Declaratory relief adjudicating that RGS FINANCIAL's telephone messages violate the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(v) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:

(i) An order certifying that the Third Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and Tex Fin. Code § 392.403(a), and appointing PAWELCZAK and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) For injunctive relief for PAWELCZAK and the Plaintiff Class pursuant to Tex Fin. Code § 392.403(a)(1), including enjoining the Defendants from engaging in further violations of Chapter 392 of the Texas Finance Code as complained of herein;

(iii) Declaratory relief adjudicating that RGS FINANCIAL's telephone messages violate the TDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to Tex Fin. Code § 392.403(b); and

(v) For such other and further relief as may be just and proper.

## **X. JURY DEMAND**

73. Plaintiff hereby demands that this case be tried before a Jury.

DATED: November 13, 2009

        Respectfully submitted,

        */s/ Robert E. Schroth, Jr.*
        Robert E. Schroth Jr., Esq.
        SCHROTH & SCHROTH
        2044 First Avenue, Suite 200
        San Diego, CA 92101-2079
        Telephone: (619) 233-7521
        Facsimile: (619) 233-4516
        E-Mail: robschrothesq@sbcglobal.net

        William F. Horn, Esq.
        188-01B 71 Crescent
        Fresh Meadows, NY 11365
        Telephone: (718) 785-0543
        Facsimile: (866) 596-9003
        E-Mail: whornlegal@gmail.com

        *Attorney for Plaintiffs, Anna Pawelczak and all others similarly situated*